IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Sonya K. Thompson<br><br>                Plaintiff,<br>v.<br><br>Nancy A. Berryhill,<br><br>                Defendant. | Memorandum Decision and Order Affirming the Decision of the Commissioner<br><br>Case No. 2:16-cv-1182 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff, Sonya K. Thompson, filed for disability insurance benefits and supplemental security income on November 15, 2013.[1] She claims disability due to bilateral knee replacements, hypertension depression, and a pelvic fracture.[2] Her applications were denied. On March 29, 2018, the court heard oral argument on Ms. Thompson's appeal. Karl Osterhout appeared for Plaintiff and James Burgess appeared for Defendant. Prior to the hearing, counsel for each party submitted supplemental authority that the court considered.[3] After careful review of the record, the parties' briefs, arguments presented at the hearing, and the supplemental authority, the court concludes the Commissioner's decision is supported by substantial evidence and is free of harmful legal error. The Commissioner's decision is therefore affirmed.

Ms. Thompson raises two issues on appeal. First, she alleges the "ALJ erred in relying on vocational expert testimony to fulfill his step 5 burden without addressing post-hearing objections to the vocational expert's testimony."[4] Second, Ms. Thompson argues the ALJ's

---

[1] R. 225-234. (R. refers to the record of proceedings in this case).
[2] R. 282, 286.
[3] ECF no. 39, ECF no. 40.
[4] Plaintiff's Corrected Opening Brief p. 4, ECF no. 33.

analysis of the medical opinion evidence is "contrary to law and not supported by substantial evidence."[5]

## I. Any error in not addressing the post hearing objections was harmless.

Following the hearing before the Administrative Law Judge (ALJ), Plaintiff filed a post-hearing memorandum and objection to the vocational witness' testimony.[6] Specifically, Plaintiff "objected to the jobs named by the vocational expert as fitting the ALJ's hypothetical assumption, given up to date and reliable information obtained from the U.S. Department of Labor."[7] The ALJ did not rule on these objections and Plaintiff argues this was a violation of the Hearings, Appeals, and Litigation Law Manual (HALLEX). The HALLEX is the Social Security Agency's internal guidelines for processing and deciding claims under the Social Security Act.[8] The HALLEX provides that an ALJ must on the record, ask a claimant and their representative whether they have any objections to the vocational expert testifying and rule on any objections. "The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision."[9] Here there were no objections to the vocational expert testifying,[10] but the ALJ did not rule on the post-hearing objections.

In *Butterick v. Astrue*,[11] the Tenth Circuit relied on authority from the Fifth Circuit,[12] in assuming without deciding, that relief may be granted for prejudicial violations of the

---

[5] *Id.*
[6] R. 389-407.
[7] Plaintiff's Corrected Opening Brief p. 6.
[8] *See Social Sec. Law Center, LLC v. Colvin*, 542 F. App'x. 720, 722 n.3 (10th Cir. 2013).
[9] I-2-6-74. TESTIMONY OF A VOCATIONAL EXPERT, HALLEX I-2-6-74, 1993 WL 751902. The HALLEX was amended in June 2016 changing some language and moving certain sections.
[10] R. 1124.
[11] 430 F.. App'x 665 (10th Cir. 2011).
[12] *See Shave v. Apfel*, 238 F.3d 592, 596-97 (5th Cir. 2001) (holding that only prejudicial violations of HALLEX provisions may entitle a social security claimant to relief).

2

HALLEX.[13]  Plaintiff's alleged prejudice centers on the use of the dictionary of occupational titles (DOT) that is "outdated" and should not be the "gold standard" used by the Social Security Administration.  Plaintiff urges the use of O*NET, rather than the DOT, which is "an obsolete and static database that is no longer being developed or enhanced by the United States Department of Labor."[14]  These alleged errors are magnified by the fact that they were made at step five of the sequential evaluation process.[15]

At step five, there is a shift in the burden to the Commissioner to demonstrate that other work exists in significant numbers in the national economy that a claimant can perform.[16]  To meet this burden of production an ALJ may rely on the testimony of a vocational expert.[17]  The Social Security Agency's regulations provide that when determining whether "unskilled, sedentary, light, and medium jobs exist in the national economy"[18] in significant numbers, administrative notice will be taken from various governmental and other publications.  These include:

> (1) Dictionary of Occupational Titles, published by the Department of Labor;
> (2) County Business Patterns, published by the Bureau of the Census;
> (3) Census Reports, also published by the Bureau of the Census;
> (4) Occupational Analyses, prepared for the Social Security Administration by various State employment agencies; and
> (5) Occupational Outlook Handbook, published by the Bureau of Labor Statistics.[19]

---

[13] *See Butterick*, 430 F. App'x at 668; *see also Lee v. Colvin*, 631 F. App'x 528, 543 (10th Cir. 2015) (Assuming without deciding that we can grant relief for violations of HALLEX procedures,3 we agree with the Fifth Circuit that only prejudicial violations of HALLEX provisions entitle a claimant to relief.").
[14] *Id.* p. 8.
[15] *See generally* 20 C.F.R. § 404.1520(a)(4).
[16] *See* 20 C.F.R. § 404.1560(c)(2).
[17] *See Heckler v. Campbell,* 461 U.S. 458, 461 (1983).
[18] 20 C.F.R. § 404.1566.
[19] *Id.*

3

Thus the use of the DOT is specifically permissible by the regulations. Further, the Tenth Circuit has recognized the use of the DOT by an ALJ in reaching decisions as proper.[20] The undersigned finds the vocational expert did not err in using the DOT.

In the Tenth Circuit an ALJ need not discuss all the evidence when rendering a decision.[21] Any failure by the ALJ here to discuss objections to the reliance on the DOT, which is allowable under the regulations, is inconsequential and at most harmless error.[22]

During oral argument Plaintiff's counsel expressed additional concerns of Constitutional due process violations on account of the ALJ's failure to address Plaintiff's objections to the vocational expert. But, there is no due process violation where, as here, the alleged violation stems from the use of a governmental publication that is authorized by regulation.

## II. The ALJ did not err in the analysis of medical opinion evidence

Plaintiff next takes issue with the ALJ's evaluation of the medical opinion evidence. Specifically, Ms. Thompson argues it was error to not appropriately weigh and consider the opinion of Dr. Wade Sessions. Dr. Sessions opined in January 2014 that Plaintiff was "totally disabled – will re-evaluate at next apt on 1/28/14."[23]

---

[20] *See Haddock v. Apfel*, 196 F.3d 1084, 1089-90 (10th Cir. 1999) ("Determining 'the functional demands and job duties' of specific jobs and matching those requirements to a claimant's limitations is the very task the ALJ must undertake at step five. It would be anomalous to read the agency's regulations to allow an ALJ to disregard the Dictionary at step five—where the ALJ bears the burden—when the ALJ is allowed to rely conclusively on essentially the same information from the Dictionary at step four."); *Bowman v. Astrue*, 511 F.3d 1270, 1273 (10th Cir. 2008) ("It is well established that "the agency accepts the [definitions in the Dictionary of Occupational Titles ] as reliable evidence at step four of the functional demands and job duties of a claimant's past job as it is usually performed in the national economy.") (quoting *Haddock*, 196 F.3d at 1090).

[21] *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (rejecting claim that the ALJ was required to discuss all the evidence).

[22] The court considered the supplemental authority cited to by Plaintiff and is not persuaded by the reasoning found in those decisions. *See* Notice of Supplemental Authority, ECF no. 40. The majority of the cases are from other circuits and even the one from this circuit, *Ah Pedone v. Berryhill*, 2018 WL 460063 (D. Colo. January 18, 2018), is distinguishable based on the arguments of prejudice around SkillTRAN and not just the DOT.

[23] R. 765.

The ALJ must follow a specific procedure when weighing a treating physician's opinion.[24] An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."[25] If the answer is no, then the inquiry at this stage is complete. If the ALJ finds the opinion is well-supported, she "must then confirm that the opinion is consistent with other substantial evidence in the record."[26] "If the opinion is deficient in either of these respects, then it is not entitled to controlling weight."[27]

Here, the ALJ acknowledged that Dr. Sessions was a treating physician, but gave his opinion little weight because it was "not consistent with other substantial evidence in the case record."[28] In discounting Dr. Sessions' opinion the ALJ noted other medical evidence in the record,[29] that the form used by Dr. Sessions was incomplete, offered very little to no explanation for the basis of the opinion and consisted of an evaluation with a line drawn through entire columns. Additionally, even at the hearing before the ALJ, concerns were expressed about Dr. Sessions' opinion.[30] The court finds the ALJ properly followed the procedure for weighing Dr. Sessions' opinion.

Finally, the undersigned finds the ALJ properly considered the other medical opinion evidence in the record discounting some opinions from treating sources who are deemed unacceptable under the old regulations and considering the opinions of state agency consultants. The court finds no error in the ALJ's consideration of medical evidence in the record.

---

[24] *See Mays v. Colvin*, 739 F.3d 569, 574 (10th Cir. 2014).
[25] SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted).
[26] *Id.*; *see also Robinson v. Barnhart,* 366 F.3d 1078, 1082 (10th Cir. 2004).
[27] *Robinson*, 366 F.3d at 1082 (citing *Watkins v. Barnhart*, 350 F.3d 1287, 1300 (10th Cir. 2003)).
[28] R. 29.
[29] R. 29.
[30] R. 1094.

ORDER

The court concludes the Commissioner's decision is supported by substantial evidence and is free of harmful legal error. The Commissioner's decision is therefore affirmed. The Clerk of the Court is instructed to close this case.

DATED this 29 March 2018.

_____
Brooke C. Wells
United States Magistrate Judge